IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANIEL ERIC COBBLE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:12-CV-86-CAR |
| | : | |
| GREGORY MCLAUGHLIN, Warden, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Before the Court is Petitioner Daniel Eric Cobble's 28 U.S.C. § 2254 petition seeking habeas corpus relief. Doc. 1. Also before the Court is Respondent Gregory McLaughlin's motion to dismiss the petition for lack of exhaustion. Doc. 25.[1] Because Petitioner's certificate of probable cause to appeal the denial of his state habeas corpus petition remains pending before the Georgia Supreme Court, it is **RECOMMENDED** that the motion to dismiss be **GRANTED**.

FACTUAL AND PROCEDURAL HISTORY

On August 31, 2005, a jury in the Superior Court of Wilcox County found Petitioner guilty of two counts of felony obstruction of an officer. Doc. 27-10 at 45. The record indicates that the charges arose from an altercation with two correctional officers at Wilcox State Prison in Abbeville, Georgia, where Petitioner was serving a sentence on a prior conviction in the Superior Court of Cobb County. The Court sentenced Petitioner to five years imprisonment on each count, to run consecutively with each other and with his previous sentence. Doc. 27-10 at 46.

On September 6, 2005, Petitioner's appointed trial counsel timely filed a motion for new trial. Doc. 27-10 at 47. The Court appointed new counsel to represent Petitioner in all post-

---

[1] In the alternative, Respondent argues that the petition should be dismissed as untimely. It is unnecessary to address the merits of Respondent's alternative argument because of the clear lack of exhaustion in this case.

1

conviction proceedings on September 26, 2005. Doc. 27-10 at 56. On February 4, 2008, Petitioner's appointed appellate counsel filed an amended motion for new trial. Doc. 27-10 at 73. On April 7, 2008, Petitioner's appointed appellate counsel filed a second amended motion for new trial. Doc. 27-10 at 84. After conducting an evidentiary hearing, the Court denied the amended motion for new trial on May 7, 2008. Doc. 27-10 at 99. On May 12, 2008, the Court filed an amended order denying the amended motion for new trial. Doc. 27-10 at 104.

Petitioner appealed the order denying his amended motion for new trial in the Georgia Court of Appeals, listing thirty-nine enumerations of error. Doc. 27-8 at 47-61. On April 9, 2009, the Georgia Court of Appeals affirmed Petitioner's conviction, concluding that not only was the evidence sufficient to support Petitioner's conviction, but also that Petitioner's claims about trial counsel having rendered ineffective assistance lacked merit. Cobble v. State, 677 S.E.2d 439 (Ga. App. 2009). There is no indication in the record that Petitioner sought further appellate review of the decision of the Georgia Court of Appeals.

On April 19, 2010, Petitioner executed a petition for writ of habeas corpus in the Superior Court of Ware County. Doc. 27-1 at 14. After conducting an evidentiary hearing, the Court entered its final order denying Petitioner's state habeas corpus petition on December 22, 2010. Doc. 27-2. The Georgia Supreme Court docketed Petitioner's application for certificate of probable cause to appeal the denial of his state habeas corpus petition on January 6, 2011. Doc. 27-3. To date, no additional information concerning the status of Petitioner's pending application for certificate of probable cause to appeal has been filed by the parties in this case. Id.

On February 24, 2012, Petitioner executed his 28 U.S.C. § 2254 petition seeking federal habeas corpus relief in this Court. Doc. 1. On March 19, 2012, Petitioner executed his "corrected" 28 U.S.C. § 2254 petition. Doc. 14. Respondent subsequently filed an answer and

2

moved to dismiss the petition for lack of exhaustion or, for untimeliness. Docs. 24, 25. Petitioner has filed multiple pleadings in opposition to the motion to dismiss. Docs. 28, 30, 31, 37, 46.

## DISCUSSION

It is well-established that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971), citing Ex Parte Royall, 117 U.S. 241 (1886). Stated another way, state prisoners seeking habeas corpus relief in federal court are required to exhaust any available state court remedies before presenting their claims in federal court. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [ ... ] the applicant has exhausted the remedies available in the courts of the State."); see also 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

The exhaustion requirement reflects a policy of comity between state and federal courts. See Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also Horowitz v. Wainwright, 709 F.2d 1403, 1404 (11th Cir. 1983). It is "an accommodation of our federal system designed to give the state an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971), quoting Fay v. Noia, 372 U.S. 391, 438 (1963). Moreover, the exhaustion requirement is designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

The factual and procedural history set out in the record of this case shows that Petitioner has not yet exhausted his available state court remedies because Petitioner's application for certificate of probable cause to appeal remains pending before the Georgia Supreme Court. As such, there is no basis to conclude that Petitioner "exhaust[ed] all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion" before he executed the instant 28 U.S.C. § 2254 petition seeking federal habeas corpus relief. Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007). Because it appears that the delay resulted from the Georgia Supreme Court not receiving the record and the transcripts from the state habeas corpus proceeding (Doc. 28-1 at 4), and because it further appears that the record and the transcripts from the state habeas corpus proceeding are available for review presently (Doc. 27), the Court is unable to conclude that "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii). Consequently, any further consideration of the instant 28 U.S.C. § 2254 petition at this time would be premature.

## CONCLUSION

Because Petitioner's certificate of probable cause to appeal the denial of his state habeas corpus petition remains pending before the Georgia Supreme Court, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 25) be **GRANTED** for lack of exhaustion and that the instant 28 U.S.C. § 2254 petition be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that Petitioner's motion for an emergency preliminary injunction (Doc. 22) be **DENIED**. Petitioner contends in his motion that officials at Smith State Prison are tampering with his ability to file materials in this case. This motion, dealing with conditions of confinement, seeks relief that is outside the scope of the present

habeas corpus action. Moreover, Plaintiff's claims are contradicted by the record of this case, which shows that Plaintiff has not been hampered in his ability to file numerous motions, briefs, and other documents in this case, as well as a frivolous interlocutory appeal to the Eleventh Circuit Court of Appeals. As such, Plaintiff has failed to show the irreparable injury necessary to support a claim for injunctive relief.

Additionally, and pursuant to the requirements of Rule 11(a) of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, it is further **RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 7th day of March, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge