IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DANIEL ERIC COBBLE,         :
                             :
        Petitioner,        :
                             :
v.                          :
                             :     **No. 5:12-CV-86 (CAR)**
GREGORY MCLAUGHLIN, Warden,  :
                             :
        Respondent.      :
_____ :

## ORDER ON THE RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United Magistrate Judge [Doc. 49] to grant Defendant Gregory McLaughlin's Motion to Dismiss [Doc. 25] Petitioner Daniel Eric Cobble 28 U.S.C. § 2254 petition for lack of exhaustion, thereby dismissing the petition without prejudice, and to deny Petitioner's Motion for Emergency Preliminary Injunction [Doc. 22]. Petitioner has filed a timely Objection to the Recommendation. [Doc. 50]. Thus, pursuant to 28 U.S.C. § 636(b)(1), this Court has thoroughly considered both the Recommendation and Objection and has made a *de novo* determination of the portion of the Recommendation to which Defendant objects. After careful consideration, this Court agrees with the United States Magistrate Judge's conclusion to dismiss Petitioner's state habeas petition, although for a different reason. The Court also agrees with the Magistrate Judge's recommendation

to deny Petitioner's Motion for an Emergency Preliminary Injunction.  Accordingly, the Magistrate Judge's Recommendation [Doc. 49] is **ADOPTED in part**, Defendant's Motion to Dismiss [Doc. 25] is **GRANTED**, and Petitioner's Motion for an Emergency Preliminary Injunction [Doc. 22] is **DENIED**.

In the Recommendation, the Magistrate Judge found that Petitioner had not exhausted his available state court remedies because Petitioner's application for certificate of probable cause was pending.  Consequently, the Magistrate Judge recommended that the petition be dismissed without prejudice.  However, the Georgia Supreme Court docket reflects that judgment was entered in Petitioner's state habeas corpus petition on February 4, 2013, and therefore was not pending when the Magistrate Judge entered its Recommendation on March 7, 2013.  Accordingly, the Court finds that Petitioner has exhausted his state remedies.  Nevertheless, the Court finds that Petitioner's petition is due to be dismissed based on Respondent's alternative untimeliness argument.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "imposes a one-year statute of limitations on all federal habeas corpus petitions."[1]  Under the AEDPA, a petitioner who is seeking a federal writ of habeas corpus must file his petition within one year of "the date on which the judgment became final by the conclusion of direct

---

[1] *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011).

review or the expiration of time seeking such review."[2]  When a judgment becomes

"final" under 28 U.S.C. § 2244(d)(1)(A) depends on whether a petitioner pursues or

forgoes a direct appeal to the United States Supreme Court.[3]  For those petitioners who

pursue a direct appeal to the United States Supreme Court, "the judgment becomes

final at the 'conclusion of direct review'—when [the United States Supreme Court]

affirms a conviction on the merits or denies a petition for certiorari."[4]  For all other

petitioners, "the judgment becomes final at the 'expiration of the time for seeking such

review'—when the time for pursuing direct review in [the United States Supreme

Court], or in state court, expires."[5]

    Here, Petitioner pursued a direct appeal, and on April 9, 2009, the Georgia

Court of Appeals affirmed Petitioner's conviction.[6]  There is no indication in the record

that Petitioner sought further appellate review of the decision of the Georgia Court of

Appeals.   Thus, Petitioner's conviction became final upon the expiration of time for

seeking direct review in state court.[7]  After a carefully review of the record, Petitioner's

time for seeking direct review in state court expired no later than April 20, 2009, the

date that the ten-day period during which Petitioner could have filed either a motion

for reconsideration or a notice of intention to petition for a writ of certiorari in the

---

[2] 28 U.S.C. § 2244(d)(1)(A).  The one-year limitations period may be triggered by other events described in 28 U.S.C. § 2244(d)(1)(B)-(D); however, none of these grounds are applicable in this case.
[3] *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012).
[4] *Id*.
[5] *Id*. at 653-654.
[6] *Cobble v. State*, 297 Ga. App. 423 (2009).
[7] *Gonzales*, 132 S. Ct. at 653-54; *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002).

Georgia Supreme Court expired.[8]  The record further establishes that the state habeas court filed Petitioner's state habeas corpus petition on April 21, 2010, two days after Petitioner executed his petition on April 19, 2010.[9]  Respondent contends that the "mailbox rule" does not apply to the filing the petition and thus that Petitioner's filing was untimely.

In *Roberts v. Cooper*,[10] the Georgia Supreme Court held that the "mailbox rule" does not apply to the initial filing of a state habeas corpus petition.[11]  According to the United States Supreme Court, a petition for habeas corpus or other collateral review is properly filed in state court when its delivery and acceptance are in compliance with the applicable rules and laws governing filings.[12]  In *Taylor v. Williams*,[13] the Eleventh Circuit held that the "mailbox rule" does apply to the initial filing of state habeas petitions even though the Georgia Supreme Court had not yet addressed the issue.[14]  Critically, however, in *Roberts*, the Georgia Supreme Court expressly concluded that

---

[8] *See* Ga. Ct. App. R. 37(b) (stating that motion for reconsideration must be filed with the Georgia Court of Appeals within 10 days of decision to be reviewed); Ga. Sup. Ct. R. 38(1) (stating that notice of intent to apply for writ must be filed within 10 days of date of decision to be reviewed).  Ten calendar days after April 9, 2009, the date on which the decision of the Georgia Court of Appeals was filed in this case, would be April 19, 2009, which was a Sunday.  Pursuant to O.C.G.A. § 1-3-1(d)(3), if the last day to file a notice of intention falls on Saturday or Sunday, time is extended to the following Monday.  Here, the following Monday would be April 20, 2009, which is the date used herein.
[9] [Doc. 27-1 at 3, 14].
[10] 286 Ga. 657 (2010).
[11] *Id.* at 660.
[12] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).
[13] 528 F.3d 847 (11th Cir. 2008).
[14] *Taylor*, 528 F.3d at 850-851.

the "mailbox rule" does not apply to the initial filing of the state habeas petitions after referencing the Eleventh Circuit's prior decision in *Taylor*.[15]

It is well-established that federal courts are bound by the interpretations of state statutes by the state's highest court.[16]   Because the Georgia Supreme Court's decision in *Roberts* regarding the application of the "mailbox rule" to the initial filing of a state habeas corpus petition was based on the court's interpretation of O.C.G.A. § 9–14–52, this Court is bound to follow the Georgia Supreme Court's holding that the "mailbox rule" does not apply to the initial filing of state habeas corpus petitions under Georgia law.

Consequently, this Court must use the date that the state habeas court received Petitioner's initial state habeas corpus petition – Wednesday, April 21, 2010 -- as the date on which the state habeas petition was filed.  By that time, 366 days had already passed since Petitioner's conviction became final on Monday, April 20, 2009.  The one-year limitations period for filing a federal habeas petition had thus already expired, meaning that there was no time left to be tolled.[17]   Therefore, Petitioner's 28 U.S.C. § 2254 petition is time-barred under the AEDPA's one-year limitations period.

---

[15] *Roberts*, 286 Ga. at 660 at 877, n.3.

[16] *See O'Brien v. Skinner*, 414 U.S. 524, 531 (1974): *see also Mo. v. Hunter*, 459 U.S. 359, 368 (1983).

[17] *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004), citing *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("Once a deadline has expired, there is nothing left to toll.  A state court filing after the federal habeas filing deadline does not revive it.").

5

Finally, Petitioner wholly fails to establish that this case is one of the extraordinary cases subject to equitable tolling.[18]   Although Petitioner makes numerous vague and unsubstantiated allegations, Petitioner fails to proffer any specific evidence tending to show that he exercised "reasonable diligence" in pursuing his rights or that some "extraordinary circumstance" stood in his way.[19]   In other words, Petitioner does not satisfy his burden of showing circumstances that would justify the application of equitable tolling in this case.[20]   Accordingly, the record establishes that Petitioner has not established adequate grounds for equitable tolling.

To the extent Petitioner objects to the Magistrate Judge's recommendation to deny Petitioner's Motion for Emergency Preliminary Injunction, the Court finds Petitioner's arguments unavailing.  Claims challenging the conditions of confinement are generally brought pursuant to 42 U.S.C. § 1983, not through habeas corpus.[21]  Should Petitioner wish to pursue a conditions-of-confinement claim, he may bring a separate action pursuant to § 1983.

Based on the foregoing, because this 28 U.S.C. § 2254 petition was filed more than one year after Petitioner's conviction became final, and because there is no valid statutory ground for extending the deadline for filing this petition or valid ground for equitable tolling, the Court concludes that this petition is time-barred in accordance

---

[18] *See generally Holland v. Fla.*, —U.S. —, 130 S. Ct. 2549 (2010).
[19] *San Martin*, 633 F.3d at 1267.
[20] *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002).
[21] *Cook v. Baker*, 139 F. App'x 167, 168 (11th Cir. 2005) (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

with Respondent's alternative argument set forth in his Motion to Dismiss. Additionally, the Court concludes that Petitioner's Motion for an Emergency Preliminary Injunction is due to be denied. As a result, the Magistrate Judge's Recommendation [Doc. 49] to grant Defendant's Motion to Dismiss and deny Petitioner's Motion for an Emergency Injunction is **ADOPTED in part**. The legal conclusions and findings of the Recommendation are hereby **INCORPORATED** and **MADE THE ORDER OF THE COURT** <u>with the exception of</u> (1) the reasoning offered in support of the dismissal of the instant petition, and (2) the recommendation to dismiss Petitioner's petition without prejudice. Consequently, Petitioner's Motion for an Emergency Injunction [Doc. 22] is **DENIED**, Defendant's Motion to Dismiss [Doc. 25] is **GRANTED**, the instant petition is **DISMISSED**, and final judgment is entered in favor of Respondent. Additionally, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.

      **SO ORDERED,** this 28th day of March, 2013.

                                    <u>S/  C. Ashley Royal</u>
                                    C. ASHLEY ROYAL
                                    UNITED STATES DISTRICT JUDGE

LMH