IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANIEL ERIC COBBLE, | : | |
| | : | |
| Petitioner, | : | |
| | : | No. 5:12-CV-86 (CAR) |
| v. | : | |
| | : | Proceeding Under 28 U.S.C. §2254 |
| GREGORY MCLAUGHLIN, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER DENYING PETITIONER'S MOTIONS FOR RECONSIDERATION

Currently before the Court are several Motions for Reconsideration [Docs. 57, 58, & 66] and a "Motion to Arrest Judge Weigle and Judge Royal" [Doc. 67] filed by Petitioner Daniel Eric Cobble. The Court hereby summarily **DENIES** Petitioner's Motion to Arrest [Doc. 67] and will not dignify such a clearly frivolous Motion with any further discussion. As explained below, the Motions for Reconsideration [Docs. 57, 58, & 66] are also **DENIED**.

### BACKGROUND

On March 12, 2012, Petitioner filed his original petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 and on March 23, 2012, filed an amended petition. On

1

April 5, 2012, the United States Magistrate Judge ordered Respondent to file a responsive pleading within 60 days. Sixty-one days later, on June 5, 2012, Respondent filed its Response and a Motion to Dismiss the petition.

After fully briefing the Motion to Dismiss and receiving the Eleventh Circuit's mandate denying his appeal of various motions as frivolous, on March 11, 2013, Petitioner filed a motion for default judgment [Doc. 51] arguing the Court should enter default judgment in his favor due to Respondent's untimely response to his *habeas* petition (one day late). Eight days later, on March 19, 2013, the United States Magistrate Judge denied Petitioner's request as frivolous, explaining that default judgment is inappropriate in *habeas corpus* cases.[1] On March 28, 2013, this Court adopted in part the Report and Recommendation granting Respondent's Motion to Dismiss, and Judgment was entered dismissing Petitioner's petition.

After Judgment was entered dismissing the *habeas* petition, Petitioner the three Motions for Reconsideration that are currently before the Court.

## DISCUSSION

In all of the Motions for Reconsideration, Petitioner essentially argues the same thing—that the judgment dismissing his petition should be reversed, and default

---

[1] Order denying Motion for Default Judgment, Doc. 53, citing *Aziz v. Lefaerve*, 830 F.2d 184, 187 (11th Cir. 1987) ("[A] default judgment is not contemplated in habeas corpus cases[.]").

judgment should be entered in his favor due to Respondent's untimely response to the petition. All of these Motions were filed within 28 days of the Judgment and therefore filed pursuant to Federal Rule of Civil Procedure 59(e).[2] "The only grounds for a district court to grant a motion to alter or amend judgment are new evidence and manifest error . . . . A Rule 59(e) motion cannot be used to re-litigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment."[3] The decision to grant or deny a Rule 59(e) motion is committed to the sound discretion of the district court.[4]

Here, Petitioner has pointed to no new evidence nor identified any manifest error that would give the Court reason to reconsider its determination that his *habeas* petition must be dismissed and default judgment entered in his favor.[5] Petitioner merely re-asserts his argument that because Respondent filed its answer to the petition one day late, he should be awarded default judgment. The Eleventh Circuit has made

---

[2] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).

[3] *Stewart v. Lastaiti*, 409 Fed. Appx. 235, 235 (11th Cir. Oct. 28, 2010) (internal quotation marks and omitted) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)).

[4] *Id.*

[5] The Court notes that Petitioner's reconsideration motions are not second or successive petitions that trigger the jurisdictional bar of Rule 60(b) motions. Petitioner is not seeking to add a new ground of relief or attacking the merits of his habeas petition. Thus, the Court has jurisdiction to rule on the merits of these motions. *See Dailey v. Secretary, Fla. Dep't of Corr.*, Case No. 8:07-CV-1897-T-27MAP, 2012 WL 1069224 at *7 (M.D. Fla., March 29, 2012) (citations omitted).

clear that default judgment is inappropriate relief in the *habeas* context, even specifically rejecting a petitioner's argument that the government's tardiness in responding to his petition entitled him to habeas relief.[6]

Thus, Petitioner's Motions for Reconsideration [Docs. 57, 58, & 66] are hereby **DENIED**.  The Court is aware that it must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner and that this rule applies to the denial of a Rule 59(e) motion in §2254 proceedings.[7]  Thus, the Court reiterates that Petitioner is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right.[8]

**SO ORDERED,** this 21st day of June, 2013.


S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH

---

[6] *Goodman v. Keohane*, 663 F.2d 1044, 1048 n. 4 (11th Cir. 1981) (rejecting petitioner's argument that the government's tardiness in responding to his petition entitled him to habeas relief); *see also Aziz,* 830 F.2d at 187.
[7] *Perez v. Sec'y, Fla. Dep't of Corr.*, __ F.3d )), No. 11-15280, 2013 WL 828001 (11th Cir. Feb. 13, 2013).
[8] *See Lott v. Att'y Gen., Fla.*, 594 F.3d 1296, 1301 (11th Cir. 2010).