IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANIELD ERIC COBBLE, | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:12-CV-86 (CAR) |
| Warden GREGORY McLAUGHLIN, | : | |
| Respondent. | : | **O R D E R** |

On March 28, 2013, the Court dismissed Petitioner **DANIEL COBBLE'S** 28 U.S.C. § 2254 habeas corpus action on the ground it was untimely (Doc. 55). Petitioner thereafter filed a Notice of Appeal with the Eleventh Circuit Court of Appeals (Doc. 61) and then two motions for reconsideration in this Court (Docs. 57 & 58). This Court denied Petitioner's motions for reconsideration by Order dated June 21, 2013 (Doc. 71). Petitioner subsequently filed a Notice of Appeal (Doc. 73) with respect to said Order.

The following additional post-judgment motions remain outstanding: (1) "Motion for U.S. District Court to fix problem U.S. Appeals Court said exists …" (Doc. 70) in a May 15, 2013, letter to Petitioner from the Eleventh Circuit Court Clerk (Doc. 68); (2) "Motion for this Court to abide by next 2 pgs of laws …" (Doc. 72); and (3) Motions for a Certificate of Appealability ("COA") (Doc. 74) and for the right to proceed *in forma pauperis* ("IFP") on appeal (Doc. 75) from this Court's June 21st Order.1

---

    1   As a general rule, "the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal," but that the filing does not prevent the district court from taking action in furtherance of, or collateral to, the appeal. ***Mahone v. Ray***, 326 F.3d 1176, 1179 (11th Cir. 2003). This Court thus has jurisdiction to adjudicate the instant motions.

As to Petitioner's first motion, the letter of the Eleventh Circuit Clerk advised Petitioner that his first Notice of Appeal (Doc. 61) was "filed before the disposition of a timely tolling motion" and that the "effectiveness of the notice is suspended until the motion(s) is/are disposed of." The Eleventh Circuit Clerk was merely informing Petitioner that his Notice of Appeal would not be effective until this Court ruled on his motions for reconsideration. Petitioner's instant motion is therefore **DENIED AS MOOT**.

Petitioner's second motion appears to be in the nature of yet another motion for reconsideration. Although largely nonsensical, Petitioner's motion clearly advances no basis for this Court to reconsider its dismissal of Petitioner's habeas action. Accordingly, said motion is **DENIED**.

As to Petitioner's last two motions, the Court in its June 21st Order determined that Petitioner is not entitled to a COA from said Order. Moreover, for the reasons stated in this Court's June 21st Order, the Court finds that Petitioner does not have a non-frivolous issue for appeal as required for leave to proceed IFP. 28 U.S.C. § 1915(a)(3). Accordingly, Petitioner's motions for a COA and to proceed IFP are hereby **DENIED**.

**SO ORDERED**, this 26th day of July, 2013.

S/   C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr