IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANIEL ERIC COBBLE, | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:12-cv-00086-CAR-CHW |
| GREGORY MCLAUGHLIN, | : | |
| Respondent. | : | |

## ORDER

Petitioner Daniel Eric Cobble has filed a motion for leave to proceed *in forma pauperis* on appeal (ECF No. 143) from the Court's July 7, 2017 Order (ECF No. 129) denying what Petitioner titled a motion for new trial, a motion to proceed in forma pauperis, and a motion to verify brain scans. Also before the Court are nine miscellaneous motions seeking various forms of relief. As discussed below, Petitioner's motion to appeal *in forma pauperis* (ECF No. 143) is **DENIED**. Petitioner's remaining motions (ECF No. 132; 133; 134; 135; 136;137; 138; 139; 141) are **DISMISSED**.

### I. Motion for Leave to Appeal in forma pauperis

Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and

affiant's belief that the person is entitled to redress.
. . .
(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly Fed. R. App. P. 24(a) provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
    (A) shows . . . the party's inability to pay or to give security for fees and costs;
    (B) claims an entitlement to redress; and
    (C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Petitioner's application and certified trust fund account in this case indicates that he is unable to pay the appellate filing fee.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of

success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Upon reviewing Petitioner's motion and the record, the Court finds Petitioner has no arguable basis for an appeal. On July 7, 2017, the Magistrate Judge entered an order denying what Plaintiff titled an extraordinary motion for new trial, a motion to proceed in forma pauperis, and a motion to verify brain scans, determining that they were filed three years after Judgement was entered and are frivolous. ECF No. 129. Petitioner seeks to appeal the denial of those motions, but has not provided a basis for appeal. The Eleventh Circuit previously dismissed an appeal of Petitioner's for lack of jurisdiction under relevantly similar procedural circumstances. See ECF No. 122 at 1. Review of the record also establishes that there are no issues with arguable merit. Consequently, this appeal is not brought in good faith and Petitioner's application to appeal *in forma pauperis* (ECF No. 143) is **DENIED**.

Petitioner's remaining motions, titled motion for court to verify incompetency, motion for court to verify wrongful calculation, motion for court to give explanation, motion for court to verify filed, motion for court to explain why, motion for court to verify understanding, motion for court explanation, motion to verify complaint, and motion for court to verify the court will understand, are duplicative of dozens of motions Petitioner has filed in the four years since the action ended and are frivolous. Furthermore, Petitioner was previously instructed to file any new pleadings in a new cause of action as

this case remains closed. Petitioner's nine pending motions (ECF No. 132; 133; 134; 135;136;137; 138; 139; 141) are **DISMISSED**.

**SO ORDERED**, this 16th day of August, 2017.

<u>**S/ C. Ashley Royal**</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT